UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELLIS LARD, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 21-cv-10936-ADB |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

On June 3, 2021, Ellis Lard, who is confined at FMC Devens as a civilly committed person, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served so that the Court may review the pleading and determine whether the respondent should be required to reply. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent). For the reasons stated below, the Court will deny the petition and dismiss this action.

Lard identifies the ground of his petition as "unlawful forced medication." Pet. at 6. In support of this assertion, he represents that he is "made to take an injection every 28 days." *Id.* at 7. In his request for relief, Lard states: "Want injection stopped and if court looked medical 1994 format it tells what correctional officers can and can not do to me." *Id.* at 8.

Lard's challenge of involuntary medication is not the proper subject of a petition for a writ of habeas corpus. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of

confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  Here, Lard challenges the conditions of his confinement, specifically the involuntary administration of medication.  A habeas petition is not the proper vehicle for pursing the relief he requests.  *See, e.g.*, *Ferch v. Jett*, C.A. No. 14-01961, 2015 WL 251766, at *4 (D. Minn. Jan. 20, 2015) (holding that civilly committed person in a federal facility could not raise claim of involuntary medication in a habeas action).  Rather, Lard must bring a non-habeas action, such as one styled as a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Accordingly, the petition for a writ of habeas corpus is DENIED without prejudice and this action is DISMISSED.

IT IS SO ORDERED.

| | |
|---|---|
| 9/7/2021 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |